FILED

DEC 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VIAD CORPORATION
SUPPLEMENTAL PENSION PLAN, an
employee pension benefit plan; VIAD
CORPORATION, a Delaware corporation,

        Plaintiffs-counter-defendants-
Appellees,

  v.

JOHN R. NASI, an individual,

        Defendant-counter-claimant -
Appellant.

No. 12-16892

D.C. No. 2:10-cv-01089-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Argued and Submitted November 20, 2014
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and OLIVER, Chief District
Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

John Nasi appeals the district court's order granting Viad summary judgment and declaring that Viad does not owe Nasi supplemental pension benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Nasi contends that the district court erroneously reviewed the administrator's denial of benefits for abuse of discretion as opposed to *de novo*, because Viad committed procedural violations by not reaching a timely resolution and Viad operated under a structural conflict of interest. Where, as here, an ERISA plan confers the plan administrator discretionary authority, a district court reviews the administrator's denial of benefits for abuse of discretion. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). An administrator's procedural violations ordinarily "do not alter the standard of review unless those violations are so flagrant as to alter the substantive relationship between the employer and employee, thereby causing the beneficiary substantive harm." *Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir. 2005). Here, Viad's delay in reaching a timely resolution was not a flagrant procedural violation, especially when much of the delay was due to Nasi's untimeliness in producing documents and releasing records. Viad's structural conflict of interest does not alter the standard of review, but is a factor that courts must weigh when

2

applying the abuse of discretion standard of review. *Abatie*, 458 F.3d at 965. The district court properly applied the abuse of discretion standard of review.

2.  Nasi next contends that the letter agreement that he and Viad entered into on May 28, 1993 is an unconditional guarantee from Viad to pay him lifetime supplemental pension benefits, but the administrator at Viad reads Nasi's entitlement to supplemental pension benefits as subject to a condition precedent that was never satisfied. The administrator's interpretation is supported by the plain terms of the letter agreement and by the circumstances that gave rise to the letter agreement. Reviewing the administrator's denial of benefits for abuse of discretion, the district court properly granted Viad's motion for summary judgment.

**AFFIRMED.**

*Viad Corp. Supplemental Pension Plan v. Nasi*, No. 12-16892

WATFORD, Circuit Judge, concurring:

I agree with my colleagues that the plan administrator didn't abuse her discretion in denying John Nasi's pension claim. I write separately to offer an alternative ground for affirmance: Even if Viad agreed to pay Nasi $193,397 annually for the rest of his life, as Nasi contends, it no longer has that obligation because Nasi was significantly overpaid from 1996 to 2008.

In 1995, MCII funded a secular trust on Nasi's behalf with $595,848. MCII also sent a tax gross-up payment of $498,188 directly to the IRS. After Nasi retired in March 1996, he received a check for $8,292 every month until September 2008, when MCII filed for bankruptcy. The key in this case was how that $8,292 figure was (mis)calculated. MCII started with $16,116, the monthly installment of Nasi's $193,397 annual pension. It then subtracted Nasi's monthly tax-qualified pension payment ($1,930) and, because Nasi had already received the value of his secular trust up front, the monthly annuity value of his secular trust payment ($5,894). Nasi agrees that these offsets were proper.

What the calculation above doesn't account for is the tax payment sent directly to the IRS, a fact on which Viad relied in its denial letter. That Nasi never saw that money is irrelevant—it was nonetheless his. He received a benefit of $498,188, and his monthly pension checks should have been reduced by the

monthly annuity value of that tax payment ($4,928) in addition to the monthly annuity value of the amount paid to the secular trust ($5,894).

The most Nasi should have been paid per month was $3,332. That figure reflects the monthly value of his $193,397 pension ($16,116) minus his qualified benefit ($1,962, as adjusted in 2004) and the annuity values of his trust payment ($5,894) and tax payment ($4,928). Nasi was therefore overpaid $4,960 per month for twelve and a half years, for a grand total of $744,033—*even before* factoring in an appropriate discount rate, which would make that figure grow significantly.

By the time of his actuarially projected demise, in 2022, Nasi should have received a total of $1,039,643, the sum of his $3,332 monthly payments. By October 2008, however, he had already received $1,242,249.

In sum, even if Viad owes Nasi $193,397 per year—and its denial letter states compelling reasons why it doesn't—Nasi has already received more than the benefit of his bargain.